*Chittenden, January, 1824.*

Curtis *vs.* Hubbel.

---

## LOWREY *vs.* BARNEY and READ.

### *In Error.*

If a Sheriff admit a prisoner to the liberties of the prison in a case not provided for by law, he is guilty of an escape; and if he take a bond to indemnify himself against such escape, such bond is void.

*Chittenden, January, 1824.*

THIS cause came up on a writ of error from the County Court for the County of Chittenden. Heman Lowrey, Sheriff of the County of Chittenden, commenced an action of debt on a gaol bond against William Barney and Ebenezer Read, before a Justice of the Peace, which came to said County Court by appeal.

The declaration was in the common form, to which, the defendants in the court below pleaded in bar, (admitting the commitment of the said William Barney, his admission to the liberties of the prison, and the execution of the bond on that occasion, by the defendants, as set forth in the plaintiff's declaration) that the said William Barney remained within the liberties of said prison, and did not depart therefrom until having taken the oath provided by the act relating to gaols and gaolers, and for the relief of persons imprisoned therein, he was by a Court of gaol delivery legally discharged from his said imprisonment, setting forth the proceedings of the Court of gaol delivery in due and legal form.

*Chittenden,*
January,
1824.

Lowrey
*vs.*
Barney
and Read.

To which plea in bar the plaintiff replied, that although true it is that the said William Barney was discharged from prison and did depart therefrom, in the manner set forth in the said plea in bar ; yet the said execution in the said plea in bar mentioned, and on which the said Barney was committed, was not issued on a judgment rendered in a proper action of debt, covenant, contract or promise ; or for costs on abatement, nonsuit, discontinuance, or demurrer according to the statute in such cases made and provided ; but the said execution issued upon a judgment rendered upon an *audita querela,* for the damages and costs set forth in the plaintiff's declaration.

To which replication the defendants demurred ; and the Court below rendered judgment for the defendants ; to reverse which the plaintiff brought this writ of error, which at the present term came on to be heard on the plea *There is no Error.*

*Thompson* and *Richardson* for the plaintiff.

In any view which can be taken of this case, the gaol bond is valid, and obligatory upon the defendants, and the plaintiff is entitled to judgment upon it.

1.—The Clerk who issued the execution, not having certified the nature of the action, in which the judgment was rendered, it appeared upon the face of it to be a case in which the sheriff was bound to admit the prisoner to the liberties of the prison. The Sheriff was by law not only authorized, but compelled to take the bond, or to admit the prisoner to the liberties without indemnity.

2.—Barney and Read having entered into this bond voluntarily cannot excuse themselves from the penalty, by the proceedings of the Court of goal delivery, for as that Court had no jurisdiction of the case, their proceedings are void.

3.—The creditor in the execution must have a remedy somewhere ; and clearly he cannot have a remedy against the Sheriff. He was necessarily governed by the face of the execution, and could not be answerable for the proceedings of the Court of gaol delivery. And he can have no remedy against the Clerk who signed the execution, because it does not appear to be a case

in which the law required him to insert in the execution the nature of the action in which the judgment was rendered.

*Chittenden,*
*January,*
*1824.*

Lowrey
*vs.*
Barney
and Read.

*Griswold* and *Follet* for the defendants.

In support of the judgment rendered by the court below, the defendants contended

1.—The plaintiff in error, who acted in his official capacity of Sheriff of the County of Chittenden, was not authorized by law to admit the defendant Barney to the liberties of the prison, on the execution described in the plaintiff's declaration.

The statute provides that any person imprisoned and in gaol upon an execution founded on a proper action of debt, covenant, contract or promise, shall be admitted to the gaol-yard—such prisoner first giving bond to the Sheriff, &c.

From the plaintiff's declaration it appears, that the execution on which Barney was committed was not founded on a proper action of debt, covenant, contract or promise. The Sheriff, then, was not authorized by law to admit Barney to the liberties of the prison, or to take the bond in question, but was guilty of an escape in suffering Barney to go at large. Stat. Vol. I. 233.

2.—Whenever a Sheriff permits a voluntary escape of a person confined for debt, he cannot legally retake him; and if he do retake him, he is liable to an action of false imprisonment. 2 T. R. 172. 5 *idem* 40. 2 Bac. 240.

The object of imprisonment for debt is to compel the debtor to make satisfaction of the debt to the creditor. If then the Sheriff either bail a prisoner in a case where he is not bailable, or suffer him to go at large, though with a keeper, for ever so short a time, it is an escape. 2 Bac. 237. A bond or other security taken in such case, to save the Sheriff harmless is void. 5 Coke 101—102.

3.—If however it be considered that the Sheriff was authorized by law to take the bond in question, and that it was a good and legal security to him against the escape of Barney; yet we insist that the plaintiff is barred of his remedy on the bond by the discharge of Barney by the Court of gaol delivery as set forth in the pleadings.

The 40th section of the act relating to gaols and gaolers, and for the relief of persons imprisoned therein, provides for the discharge of all persons imprisoned by virtue of any execution

*Chittenden,*
January,
1824.

Lowrey
*vs.*
Barney
and Read.

issued on a judgment rendered in a proper action of debt, covenant, contract or promise; or for costs recovered on abatement, nonsuit, discontinuance or demurrer. There is a striking similarity in the phraseology of this and that of the 11th section of the same act, which provides for the admission of prisoners to the liberties of the prison. · It is evident that the Legislature intended to extend the privilege of the poor debtor's oath to all bailable cases; and a literal construction of the act would carry it still further; for it is expressly provided, that the prisoners may be admitted to the poor debtor's oath, when committed for costs in certain cases; and it is at least doubtful whether the Sheriff could lawfully admit such prisoners to the liberties of the prison.

It is conceived that no case can be shown, where a prisoner has been denied the poor debtor's oath, if entitled to the liberties of the prison.

On no principle then, can the Sheriff be entitled to recover on this bond; if Barney was not entitled to the liberties of the prison, the bond we have seen is void; if he was entitled to the liberties of the prison, the bond is valid, and the discharge by the Court of gaol delivery equally so.

Aikens J. delivered the opinion of the Court.

The errors assigned are, That the declaration and replication of the plaintiff were adjudged to be insufficient in law, and that the defendants recover of the plaintiff their costs.

In order to determine the sufficiency of the declaration, it becomes necessary to enquire whether it sets forth such a bond as the Sheriff was, by law, authorized to take. For a gaol bond, being a creature of the State, if it is taken in a case where none by law can be received, it is necessarily void, and no sufficient declaration can be predicated upon it.

This declaration describes the bond as having been given upon the admission of a debtor to the liberties of the prison, in a case where the debtor stood committed upon an execution, issued upon a judgment rendered against him, on *audita querela,* at the suit of one Moses Benedict, for ten cents damages and for $14 95 costs of suit. The only statute then in force giving authority to the Sheriff to take a gaol bond, which can have any bearing upon this case, (it not being a judgment for costs simply)

is the 10th section of the act relating to gaols and gaolers, passed *Chittenden, January, 1824.* March 9th, 1797, which provides in substance, that any person imprisoned in gaol upon execution, founded on a proper action of debt, covenant, contract or promise, shall be admitted to the *Lowrey vs. Barney and Read.* liberties of the gaol yard ; such prisoner first giving bond to the Sheriff, &c.

An *audita querela* is not a proper action of debt, covenant, contract or promise; for it does not lie to enforce the payment or to recover damages for the non-performance of either. It is described by Blackstone in his Commentaries, and in 2 Coke 29, as being an action in the nature of a suit in equity. It is rather an equitable action in the nature of trespass, by which the complainant seeks to be relieved from some oppressive injustice, brought under color of legal process by the complainee, and to recover the damages consequent thereon. It is not a case within the statute. The bond therefore was void, and the Sheriff guilty of voluntary escape in admitting the defendant, Barney, to the liberties of the prison.

But if the law were otherwise on this point, the judgment of the County Court must, nevertheless, be affirmed; for by the 12th section of the same act, authority is given to a Court of gaol delivery, to discharge a prisoner, on being admitted to the poor debtor's oath in *all cases*, where by the 10th section, the Sheriff is empowered to admit him to bail; in which case the defendant's plea in bar must necessarily avail them.

It has been urged in argument for the plaintiff in error, that inasmuch as the nature of the action in which the judgment was rendered was not inserted in the execution, the Sheriff was bound to admit to the liberties, and accept of the bond. But it does not follow that because the Legislature have directed the authorities issuing executions, to insert therein the nature of the actions, in certain specified cases, the Sheriff is authorized to admit to the liberties, in all other cases. Previous to the act of 31st January, 1804, the Sheriff was left to ascertain the nature of the action, in all cases, in such manner as he could. It is indeed to be regretted, that since the Legislature have attempted to remedy that inconvenience, the provision does not extend to every case within it.

It has also been attempted to sustain this action on the ground that the bond was a *voluntary* bond, and therefore binding. But

*Chittenden,*
*January,*
*1824.*

this is impossible. To give it validity on that ground, would be placing it in the power of the Sheriff to admit his prisoner to bail in all cases.

The judgment of the County Court is therefore affirmed.